And we are hearing National City Mortgage v. Michael Bergman, Michael Bergman Enterprises, Z Construction Company, Ravina East Homeowners Association. And we have Mr. Bridges on behalf of the appellant, Mr. Quinn on behalf of the appellee. Thank you. Mr. Bridges, whenever you're ready. Thank you. Justices, I believe this case was very well briefed on both sides, and I don't know that I could state the points and authorities any better than I did in the brief. So I'm going to try something a little different. I'm going to share, unless you have some questions, but I'd like to share with you some thoughts I had last night. In preparing for our argument, I asked myself, let's look at it from a different standpoint. What possible grounds might there plausibly be to affirm this ruling and to sustain the precedent of adding to the requirements of Section 7 of the Mechanics-Lean Act? Because that's actually what the merchants case did. I've argued that the merchants case is not applicable because we don't have a third-party purchaser to protect here, which is the rationale for the merchants case. But if you just address the merchants case directly, is it good law? I say, no, it's not. And I said, okay, but let's look at it. Try to sustain it. Try to make an argument to yourself as to why merchants might be good law. Why might you make this inference of this additional requirement in Section 7? Well, more importantly, why should we, when the Mechanics-Lean Statute is a creature of, in fact, statute should be construed narrowly and literally, why should we? Thank you. I submit that you shouldn't, but other than the fact that there is this precedent and if there was any grounds to uphold it, maybe you should consider those grounds. I actually agree with you 100%. No, we shouldn't. It's a very simple issue. It's a strict construction. Section 7 has requirements 1, 2, 3, 4, and 5. And no judge should require 1, 2, 3, and 4 or 1, 2, 3, 4, 5, and 6. It should be those five requirements that are set forth in the statute. But is there some reason? All right. That being the case, and now I'm going to be devil's advocate here, how does somebody like National City know how to approach this lead if they don't have information about when the work was completed? There's a lot of information that they won't have that won't tell them whether the lead is absolutely valid. The lead setting forth the five requirements is valid on its face. They have discovery and Section 11 of the statute requires specific pleadings, which therefore must be proven. Section 7 adds a lot of things. Section 11 adds a lot of things that are not in Section 7. And one of the answers I came to myself is how am I to infer additional requirements in Section 7? Well, look at Section 11. There's additional requirements in Section 11 such as specifically that you set forth in pleading and therefore prove the date that you last provided labor and materials. But does that mean that you have to bring a lawsuit in order to find these things out? Does that mean that you have to expend energies to find this information out? Well, actually, it would be incumbent on the plaintiff to bring a lawsuit to foreclose. Understandable. But what if that would not be? There are a lot of things that you cannot find out until there's litigation. Yes. There's a number of things. But shouldn't that be if the legislature thinks that's an evil, shouldn't they address the statute rather than ask us to fill in the gaps? Absolutely. Right. If there's additional requirement, there's additional things that should be apparent on the face of a recorded lien so that, you know, a third party or, you know, in this case the bank that was already had their mortgage recorded could look at. Yes, that should be the legislature's job to do that. Precisely. What's the purpose of this statute as opposed to Section 11? Section 7 is to give notice of a potential of a claim for lien. And it has the five requirements that there was a contract, that there was an amount, and that's all it is, is to give notice of the record. That's why you record it, to give notice to the world that there is a claim for lien. You cannot adjudicate the validity of that claim by what's included within the claim any more than you could in any other area that just gives notice to the world. And including the five requirements that the legislature set forth for Section 7 gives that notice to the world. Why shouldn't we infer all of the requirements of Section 11 and make it simple and make it clear and put the world on notice, particularly to protect their claims? Number one, that would be the legislature's job. And number two, if you start to just open up a slippery slope that there's no end to. Among the requirements of Section 11 is that you plead such other facts as may be necessary to give. I have the exact language right here. Something along the lines of such other facts as may be necessary for a full understanding of the rights of the parties. Now, that's part six of Section 11. So if you allow the inferences to be taken from Section 11 and throw it into Section 7, then such other facts is going to be so totally subjective that every trial judge in the State of Illinois is going to have a different set of what is such other facts. And so the validity of the claim for lien that's recorded is going to be entirely dependent on what trial judge you happen to be assigned to. So you're basically proposing that 7 is 7, 11 is 11. Here's what I have to show on the lien, and then I accept, if I ever get to that point, this is what I need to plead and prove under Section 11. I couldn't have stated more succinctly myself. That's exactly my argument. The intent of 7 is to put the world on notice of this lien. And, of course, Merchant says the world should also be on notice of not only the lien but its enforceability by looking at the face of the lien. So, I mean, that's what they're talking about when they talk about it. But you can't determine the enforceability looking at the face of the lien. You know, otherwise you'd have to start including such other facts. You'd have to start including, say, the contractor's affidavit. You'd have to start including that, well, we have opinion testimony regarding the enhancement value. Here's the opinion testimony that we have that the labor materials provided by the lien claimant have enhanced the value of the property. And here is an expert opinion report, such as the name of an appraiser or somebody who is going to assume. So in order to determine validity, you have to set forth in the claim of Section 7 that you've enhanced the value. But do you have to then prove it? You have to plead it in Section 11 and then prove it through some sort of expert testimony. So if you have to prove it in Section 11 and we're going to infer requirements of Section 11 as part of Section 7, then maybe we need to attach a copy of an expert opinion report showing that we've enhanced the value of the property. In my opinion, that the labor materials provided by this lien claimant have enhanced the value of the property in the amount of $74,000. And so to answer your question, to try to answer your question, if you're going to try to put everything in Section 7 to give notice to somebody such that they can determine the validity of the lien, well, then you need to put in an expert opinion report as to the basis for your claim, for your environment in the Section 7 Notice of Claim of Enhancement. You know, you've got, you know, the affiant verifying it, and he can say this is the reasonable value of the labor materials. But as far as enhancement, perhaps it needs to be, and it does. It often is a trial. It becomes an issue that is proved by expert, what we used to call expert, now we call it opinion witness testimony. That would be my answer. If we infer this requirement as merchants did, it really doesn't matter. I know you argued that the national city in this case was a prior, you know, mortgage holder, you know, had the note. But it really doesn't matter. If we're going to infer the requirement, does it really matter whether they're prior or subsequent purchasers? I mean, if it's a requirement, it's a requirement. Yeah, I would say it shouldn't be a requirement. I would just say that if you don't want to overrule national city, that you can reverse this ruling of the trial court without overruling national city by distinguishing it. I don't think you should. I think you should overrule national city. We don't have the power to do that. We don't have the power to overrule them. I mean, we have the power to disagree with them, but I don't have the power to overrule them. Okay. I guess I misspoke by saying overrule. I pointed that out in my brief by saying that the rationale, the entire rationale for the national city inference, adding to. And here's the follow-on point. If you're going to allow adding to, if you're going to allow adding to by inference, then you need to open up the door for detracting from. One judge might say, well, by inference, I don't think really that one five, you know, those five requirements in Section 7 is really that important. So by inference, I'm going to excuse it. Or maybe he adds another one, a second one. And right now, you know, I don't know. And this is not on the record. And so it's probably improper for me. I know it is improper for me to argue. I'll just point out that you might take traditional notice that this would not be an issue in any other district except the second district. None of the judges of the Mechanics Lead Section of the Chancery Division in Cook County would even consider this motion. You know, it's just not followed. It's followed in the second district only to my knowledge. Now, I don't practice it anywhere else other than Cook County Mechanics Lead and Lake County. But you have a situation where this is a case that is recognized as an aberration. You know, you've added by inference to a statute that is a strict statutory cause of action. Fundamental rule of law for going back hundreds of years is that you do not add by inference requirements to a statutory cause of action. And if you're going to add one that comes from Section 11 or wherever, then you might as well open the door and add all of those to Section 11. And now you're rewriting the statute. What does the language in 7, such claim for lien may be filed at any time after the contract is made? I get that part. And within two years after the completion of the contract. What's the purpose of the and within two years after the completion of the contract? I believe that you have to file a suit within two years. But I believe that unless you could be quarterly within two years of labor, it's not going to bar any prior purchaser. But any subsequent purchaser would have notice of it. Or any subsequent acquirer or any party that subsequently acquires an interest in the real estate would then have notice. It's enforceable within two years against the owner, but not against another party. Right. That's the two years you can enforce it against the owner, but not against another party. Right. That's a four-month requirement. Right. Okay. Right. Yes. So it's a notice. Provided it's the same owner as it was when the where labor was not a subsequent owner. Right. Right. The same owner. Right. So it's a general notice. You're on notice, but it doesn't require that you be specifically apprised of when that contract was completed or when. Yes. That's a good point. Yes. That's another good point that I had raised in my argument. Yes. I should have thought of that. I think that's another point that supports this. And so my brief, so I misspoke. My brief did not cover fully. That's a good argument, another that I didn't raise in the brief. I just had a question. I didn't mean to argue for you. Okay. Thank you for that question. I'll defer to my Mr. Clinton. Any other questions? Thank you. You'll have time for them both. And now I have to set a time. I'm kind of a novice at this. Now, I got it. And Mr. Quinn. Thank you. May it please the Court, my name is John Quinn, and I represent National City, who's the lender on this property. I want to focus in on Section 7 of the Mechanic Lien Act. And specifically, that act provides no contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or encumbrancer or purchaser unless within four months after completion he or she have either brought an action or filed a mechanic lien claim with the recorder. And the point is that this four-month period is not something that merchants pulled out of thin air. That was a requirement, or that is language that's contained in Section 7. The lien has to be verified. It has to have a brief statement of the claimant's contract and the balance due and a sufficiently correct description of the property. And the key to this case is that you can't enforce that lien unless you file the lien within four months after you've done the work. And that's a condition that applies to an encumbrancer or a purchaser. Well, the lien itself, or maybe let me ask it as a question. Is the lien itself some sort of proof, or is it simply a fact or notice that there is something pending or that you should be aware? The lien itself is notice that there's something that you need to be aware of. Then why do you need that last date of work in there? And I'll tell you, it's very key. And the reason that it's key is that you use that last date because the statute of limitations runs from the last date. So, for example, years ago when I was in law school, I worked at the title company. That last day that appears on the lien determines when you waive that exception as a title exception. So when you record a mechanic lien, if you put down January 1st, 2000 as your work complete date, on January 2nd of 2002, the title company will automatically waive that lien as an encumbrance on your title. If you didn't put the completion date in the lien, if somebody were to look at that lien for statute of limitations purposes, you'd have to assume, if you were going to be conservative, that the last day that they did work was the day that they filed the mechanic lien. And we know that you can file a mechanic lien at least to be good against an owner within two years after you did the work. So it essentially extends the statute of limitations for many, many months beyond what that limitation period would be. The other important thing I think about it is because the lien is verified, when you put that completion date in the lien, that's the outside maximum date that the claimant can ultimately claim that he did work. So if you, an attorney who represents the claimant or the other side will know immediately from the claim or from the pleading when the last work was done for purposes of statute of limitations or for purposes of motions to dismiss. So you can get a lot of cases filed where, you can get a lot of cases filed that wouldn't be filed in the first place because the lien would already be out if you had a completion date on the lien. But if it's that important, why was, I mean this was a requirement under the old law in 1890 or whatever and it wasn't brought forward in 1905 under the, what should consist in the claim, you know, what must appear in the claim of lien. I mean you would agree that the old statute had it as a requirement for the claim of lien and then in 1905, I think it was 05, the new statute didn't require it, moved it over to the pleading stage. Well, I think the reason that it really hasn't become an important or a big issue is because of the Schmidt case in 1911. And in the Schmidt case, the court had a situation where there were four separate, and this was a Supreme Court case, there were four separate parcels. I'm familiar with Schmidt and certainly merchants relied almost exclusively on Schmidt and I'm familiar with that. Of course, I find it unusual that the merchants court never mentioned Connolly at all and Connolly limited Schmidt to his facts. Connolly basically took up the same issue and limited Schmidt to the unusual facts in Schmidt. And merchants never even talked about Connolly. Kind of unusual. Well, the reason I don't think merchants talked about Connolly is that in Connolly, and I know there was a statement, there was a statement in the brief that Connolly didn't have a completion date or the court didn't address whether or not there was a completion date. But in fact, in the Connolly case, the court specifically set forth in that case what the completion date was. So in the Connolly case, the court was aware that wasn't, the completion date itself was not an issue. The completion date was in the lien. It was in the lien in Connolly? Judge, and I only have for the court the Northeast reporter site, but on page 315 of the Northeast reporter in the Connolly case, the court says the filing statement claimed a blanket lien against the four properties without apportionment of the total contract price among each of the four buildings. The statement also set forth that Rossi completed all work under the contract on or about March 15th, 1980. But the issue in that case wasn't a completion date. The issue in that case was allocating the amount of the money for each of the different buildings that the services were providing. That's right. And the reason the court in the merchants case, I think, didn't focus in on the Connolly case was because in the Connolly case they were talking about the important portion that the Schmidt case went back and talked about notice. And in fact, even the Connolly case cited the Schmidt case with approval. And in that case, again, this is the Northeast reporter site on page 318, said the court observed that the purpose of the four-month limitation was to provide ample notice to third parties of the existence, nature, and character of the lien. So in the Connolly, but not enforceability, I find that interesting because I have been circled on my copy of that case, too, because they didn't take forward the other part of that language from Schmidt. Because Schmidt said exactly what this says in the quotes, existence, nature, and character of the lien. But Schmidt also went on to say and to determine from the face of the lien the enforceability of the lien. They didn't bring that language forward in Connolly. That's true, Your Honor. And, again, the purpose of notice is to not just tell somebody that the lien is out there. The importance is to tell somebody whether or not that lien is something that they're going to have to deal with. And in order to do that, in order to do that, you have to know the completion date. Well, the importance has to come from the legislature in the statutorily created situation of a mechanics lien. What statutory analysis did the Merchants Court actually engage in to determine that this was an inference, that this was a required inference? I'm sorry, a requirement by inference. Well, I think the Merchants Court went back and looked at the Schmidt decision from 1911. And when they looked at the Schmidt decision, they determined from the language on page 32 of that decision that the purpose of requiring a claim to be filed within a stated time is that third persons dealing with the property may have notice of the existence, nature, and character of the lien. And then it goes on to say, and thus be enabled to learn from the claim itself whether it was such as can be enforced. And then they go on to the next page to say it's the fundamental rule of construction of the statute that they should be so construed as to give all parts a reasonable meaning, if possible, to do so. If you look at Chapter 7, or I'm sorry, Section 7, Section 7 has that language in there about the four-month requirement. It's not like it's not that four-month requirement isn't picked up until Section 11. It's right there in Section 7. And so in order to get that, give that any teeth or read it consistently, if notice is important, you have to make notice available to the parties of everything that's going to be necessary to adjudicate that lien or to enforce that lien. And I would say one other thing. I just want to make sure. Counsel raised that issue that if we infer the four months, then why don't we infer other requirements to establish whether the lien on its face is enforceable? We infer the four-month period because it's right there in the statute. The appraisal and the things that you talked about have to do with enhancement. Those are things that have to be dealt with at trial. The four-month period is something that is right there in the statute, and that's why that's inferred. You mean it's in Section 7? It's in Section 7. And that's why. You read Section 7 as one integrated section. You think the legislature, in omitting the four-month requirement, simply committed an oversight? They do, you know, so it's okay. You can say that they dropped the ball. I mean, but is that your position, or is there some rhyme or reason why they felt that it was not an obligation they were willing to put on the filer of a lien? You know, I really can't answer that question. I don't know what their thought process was. I'm not sure they dropped the ball because they did put the four-month requirement, or they did mention the four months in Section 7. It may be that they could have drafted it more clearly. It could have been certainly drafted in such a way to make it more clear. Are you arguing then that the statute is ambiguous and that opens the door for an inference? No, I'm arguing that based on the language of, yes, based on the language of Section 7, you can infer, just like the Merchant's Court did, that four-month requirement. And in this case, it's not any different from the Merchant's case because in the Merchant's case, you had SLT who bought the property. They bought the property in April of 1997. The lien was recorded until December of 1997. So that case is exactly like our case because in this case, we had a mortgage that was recorded before the lien. It's the same thing. You know, the thing about the Mechanic Lien Act is the important thing is if it's between, if the dispute is between the owner who didn't pay the general contractor and the general contractor, that's easy because if you don't pay your bills, that's an easy decision. The thing that the Mechanic Lien Act is set up really to determine, and the whole purpose of the act, is to determine what happens when you have two innocent parties. You essentially have many cases that I deal with a homeowner who's already paid the general, who's now out of business, and a subcontractor who has not been paid by the general. Someone is going to have to pay twice and the real culprit isn't going to be the victim in the case. And in this case, we have the owner of the property who didn't pay his general contractor. So the Mechanic Lien case statute is set up to determine between innocent parties who's actually going to be the victim. And in this case, it's a very simple thing to include the completion date. And the completion date's in the standard form that everybody uses. That's why you don't find many cases. You go to a stationery store, you buy a Mechanic Lien claim to file, it'll hold, it'll have the completion date. And I'd say if the court were to reverse this case, or I'm sorry, to distinguish between this case and merchants, as a practitioner in the Mechanic Lien area, you'd almost always omit the completion date because the only thing you can do is get you into trouble by clarifying things as to when the last work was done. It's important policy consideration to have this date in there because people deal with it all the time. And we're talking about the innocent parties and we're balancing the equities. And this is an action in equity, is it not? Yes. I mean, you know, we have this enhancement doctrine out there for a reason, and that is that, you know, a company or corporation like National City can't take this property and then just as a windfall get the enhanced value based upon the work that enterprised it. I mean, so if we're balancing the equities here, you know, putting merchants aside for a minute, I mean, the equities would maybe go toward reversing this thing, wouldn't it? Well, if it were a purely equitable argument, but the thing about that is that, you know, National City has its own expenses and things that we, you know, aren't into at this particular point. But National City had its mortgage recorded first, so you have the old doctrine of first in time is first in right. The way you balance that, the way you balance that is by properly perfecting your mechanical lien. And you do that by filing within four months. Right. But that, what you just said, filing within four months or putting it on the document seems to be all the difference. I mean, there's no, we're not here to decide who prevails. We're simply here to decide whether or not this lien should go forward. Right. And then hold the, I'm sorry, but hold the party to proof of the four months. And again, if you do that, and what I meant to say or was attempting to say when the buzzer went off, is filing and including that four-month period. That's what's done. That's what's commonly done. That's what people have been doing. And it's important because that prevents litigation later on of liens that haven't been properly perfected. Well, let's talk about enforcement just for a minute, even though I know the time is up, because I've been thinking about this question ever since Justice Burke talked about the language, and enforceability doesn't seem to be part of the language. If the date is there, the completion date is required, does that mean there would never be litigation on these mechanics liens? And if this is four months and this is the date, we're fine. The whole purpose of the mechanics statute was to create an equitable situation to make sure that the information was correct and that there was value added and that that party was entitled to the return of that value in some way. So, I mean, if you have the date in there, why would there ever be any litigation? Well, ultimately there's litigation about whether the date is correct. If the date was in there in this particular case, assuming it was filed within the four months, then we would have litigation regarding the enhancement. There would always be mechanic, fortunately for me, there will always be mechanic lien litigation, but there's less mechanic lien litigation and there are more liens that are disposed of on motion without trial if the information is contained in the lien. And if I could make one other statement in that regard, is that a lot of times liens are filed that are smaller that will never be enforced in the hopes that the property will be refinanced or something and then they'll have to deal with the lien holder. And in that particular case, that's where the four-month, that's where the completion date is important. Well, they can still deal with the lien holder, but maybe it's not in a litigious manner. It's in a settlement agreement compromise matter. You don't deal with them once the two years has passed and that's kind of the two years are compressed if you do it that way. Thank you. Thank you. Mr. Bridges. Thank you. Yes. To answer your question, Justice Burke, it would be a windfall for National City, no question. They didn't advance the money and yet they would have, this lien was $225,000. And presumably if it enhanced reasonable value, the labor materials provided was $225,000. So they would enjoy a windfall as to that. And it's the 1903 amendment. You were very close, 1903. And Connolly did include the date, but it was a different issue as to whether something, a different requirement should be inferred. And Connolly said no. The district, well, I'm not supposed to quote from the briefs, but Connolly said no, it wasn't the date. It was a different issue as to whether something else should be inferred. Mr. Quinn argued that including the date would, so you would know when the date was last worked. No, you would know when the claimant claimed to have last provided labor material. So it would add nothing. By recording it within four months, he's claiming to have provided labor material within four months. And that's why in Section 11 you have to allege that and then prove it. Is it always, obviously you both practice in this area, is it always obvious the exact last date of work when the lien is filed? No, no, because you have something called punch list work which does not extend the last date. So you may include a last date when somebody was sent to sweep up the floors. That is not included as substantial labor materials. It's called punch list work which does not extend the time. So you might actually have provided labor materials. You sent some boy to sweep up the whole construction site and do final touch-up painting and things. That's called punch list. You actually did provide labor materials on that date, but you have not extended the four months within which you needed to record a lien for the labor materials. Otherwise, people who had blown the four months would just send somebody back in to, oh, you know, okay, we need to, there's always some little punch list in a new construction project. So they would send somebody, the owner always wants something worked out. So they would just send somebody back in to change a light bulb or something or, you know, or mop up an area or scrape some, you know, spot of paint that was on the floor and say, oh, we provided labor materials, so we extend it. No. They did provide labor materials within four months, but that does not extend it because it was not, because it was just punch list. So that is another good, very good reason why the date is meaningless. Because the date, the date may be absolutely accurate that you provided labor materials on that date, but you still have not recorded your lien within four months. And your lien might be recorded within four months of that date, but you haven't effectively recorded a lien because it wasn't within four months of substantial labor and materials. It was within four months of punch list. So you would say, at least I'm gathering from your answer, the fact that you could see possibly enforceability on the face is not really going to be an issue because you're always going to have to prove by litigation or some manner that this was the last date, the last major date that labor and materials were issued. In other words, you're going to have to prove two things, that you provided labor, actually provided labor and material on that date, and that the labor and material you provided on that date was substantial as opposed to punch list. So you're still going to have to prove those two things. And I disagree with Mr. Quinn. He's mostly in Lake County and I'm about half in Lake County and half in Cook County. It is not standard practice in Cook County to include the date. The forms have them. The forms usually, if you go in. Not the forms I use, but I use my own forms. But if you're me and I provided labor, I get a form. I don't think that the form on a contractor's supply house, which you can go to Builder Square and get a form mechanically, I don't think that that should be relevant. With all due respect to Mr. Quinn, I don't think that that should be a relevant factor in this court's determination. Thank you, counsel. Thank you both for argument this morning. Thank you for understanding our slight delay. We will take this matter under advisement.